1  Eric D. Houser (SBN 130079)
2  Robert W. Norman (SBN 232470)
   Steven M. Buha (SBN 271798)
3  HOUSER & ALLISON, APC
4  3780 Kilroy Airport Way, Suite 130
   Long Beach, CA 90806
5  Telephone: (562) 256-1675
6  Facsimile: (562) 256-1685
   E-mail: sbuha@houser-law.com
7
8  Attorneys for Defendants
   Ocwen Financial Corporation and Ocwen Loan Servicing, LLC
9

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**
12

13

| | |
|---|---|
| 14  WILLIAM J. DOHERTY, an individual; JUDITH BRUSATORI, an individual; FLORISCILLA ENRIQUEZ, an individual; DANTE EVANGELISTA, an individual; JACK HANEY, an individual; CRAIG HARRIS, an individual; TODD HEYDA, an individual; SHAFIDUL ISLAM, an individual; DEBBIE LOVE, an individual; TABITHA McLENON, an individual; OSCAR NELSON, an individual; DON NIEMCZUK, an individual; RUTH O'CALLAGHAN, an individual; SERGIO OCHOA, an individual; KENNETH C. PETTIJOHN, an individual; BENJAMIN PONCE DE LEON, an individual; ROSA RIOS, an individual; LEO VIGILDO SOLANO, an individual; MICHAEL STEELE, an individual; THOMAS STEWART, an individual; BERNICE LEINAALA | Case No.  14-7118<br>[Removal from Superior Court of California, County of Los Angeles, Case No. BC551788]<br><br>**NOTICE OF REMOVAL BASED ON DIVERSITY AND FEDERAL QUESTION JURISDICTION** |

28

---

**NOTICE OF REMOVAL**

1  TAM, an individual; ERICA TATE, an
individual;   CHRISTOPHER   PAUL
2  VANDENBORRE,  an  individual;  and
RICHARD WOLFFER, an individual,
3

4                    Plaintiffs,

5
        v.
6

7  OCWEN FINANCIAL
CORPORATION, a Delaware
8  corporation; OCWEN LOAN
SERVICING, LLC, a Delaware limited
9  liability company; and DOES 1 through
25, inclusive,
10

11                    Defendants.
12

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

**NOTICE OF REMOVAL**

1    **TO THE CLERK OF THE ABOVE COURT, PLAINTIFFS AND**

2    **THEIR COUNSEL OF RECORD:**

3         **PLEASE TAKE NOTICE** that Defendants Ocwen Financial Corporation

4    and Ocwen Loan Servicing, LLC (collectively, "Defendants") hereby remove this

5    action from the Superior Court of California, County of Los Angeles, to the

6    United States District Court for the Central District of California, as further

7    described below:

8    **I.      THE   PROCEDURAL   REQUIREMENTS   FOR   REMOVAL   ARE**

9            **SATISFIED**

10        1.      The Complaint was filed in the Superior Court of California, County

11   of Los Angeles on or about July 16, 2014, entitled *William J. Doherty, et al. v.*

12   *Ocwen Financial Corporation, et al.*, Case No. BC551788 (the "State Court

13   Action").

14        2.      A true and correct copy of the State Court Action Docket is attached

15   hereto.

16        3.      Plaintiffs' lawsuit arises from disputes regarding loans secured by the

17   various properties.  Plaintiffs brought the Complaint alleging Fraud, Conspiracy to

18   Commit Fraud, Conversion, Conspiracy to Convert, Violation of Rosenthal Fair

19   Debt Collection Practices Act (Civ. Code § 1788, *et seq.*), Unfair Business

20   Practices (Bus. & Prof. Code § 17200, *et seq.*) and Unjust Enrichment.  A true and

21   correct copy of the Complaint is attached hereto.

22        4.      Defendants were served with a copy of the Complaint on August 12,

23   2014 by personal service.  As such, Defendants hereby seek removal within 30

24   days of receipt of the Summons and Complaint, and therefore, the instant Notice of

25   Removal is timely pursuant to 28 U.S.C. § 1446(b).

26        5.      This Notice of Removal is brought on behalf of Defendants Ocwen

27   Financial Corporation and Ocwen Loan Servicing, LLC.

28

1    6.    No previous request has been made for removal.

2    7.    The United States District Court for the Central District of California

3 is the proper venue for the removal.  The Superior Court of California for the

4 County of Los Angeles is located within the United States District Court for the

5 Central District of California.  *See* 28 U.S.C. § 82.  Thus, venue is proper in this

6 Court because it is the "district and division embracing the place where such action

7 is pending."  28 U.S.C. § 1441(a).

8    8.    This action is removable to the instant Court because it originally

9 could have been filed in this Court pursuant to 28 U.S.C. § 1441(b).

10 **II.    DIVERSITY JURISDICTION**

11    9.    This action is removed to the instant Court pursuant to the existence

12 of diversity jurisdiction between the parties.  28 U.S.C. § 1441(b); *see also* 28

13 U.S.C. § 1332.  Diversity jurisdiction exists because this is a civil action between

14 citizens of different states and the matter in controversy exceeds the sum of

15 $75,000.00.

16    **A.    Plaintiffs and Defendants Have Diversity of Citizenship**

17    10.    The Complaint does not allege Plaintiffs' respective residencies.  (*See*,

18 Complaint, ¶¶ 22-43.)  Plaintiffs are 24 individuals who, upon information and

19 belief, own property in different states in which they reside.  For purposes of

20 diversity jurisdiction, Plaintiffs are therefore citizens of the respective states in

21 which their respective residential properties are located and in which they are

22 therefore domiciled.  *See*, *e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857

23 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides

24 with the intention to remain or to which she intends to return."); *Heinz v. Havelock*,

25 757 F.Supp. 1076, 1079 (C.D. Cal. 1991 (residence and property ownership are

26 both a factor in domicile for diversity jurisdiction).  The chart below references the

27 loan numbers for each Plaintiff, as identified in the Complaint, and the state in

28

which each Plaintiff's corresponding residential property which acts as security for
each Plaintiff's loan at issue:

| Complaint Paragraph | Plaintiff | Loan No. | City/State Where Property Located |
|---|---|---|---|
| 22 | William J. Doherty | 7141500780 | Las Vegas, Nevada |
| 23 | Judith Brusatori | 477501787 | San Francisco, California |
| 24 | Floriscilla Enriquez | 7100104269 | Gilberts, Illinois |
| 23 (misnumbered by Plaintiffs) | Dante Evangelista | 7140344388 | San Diego, California |
| 24 | Jack Haney | No Loan No. identified in Complaint; Defendants have no record of servicing a loan for Mr. Haney | |
| 25 | Craig Harris | 7100853758 | Georgetown, California |
| 26 | Todd Heyda | 7090298782 | Briarcliff Manor, New York |
| 27 | Shafidul Islam | 7141252614 | Plano, Texas |
| 28 | Debbie Love | 7190317649 | Henderson, Nevada |
| 29 | Tabitha McLenon | 7141135835 | Houston, Texas |
| 30 | Oscar Nelson | 34935874 | Gramercy, Louisiana |
| 31 | Don Niemczuk | 7472299353 | Beaumont, California |
| 32 | Ruth O'Callaghan | 7130120582 | Mesa, Arizona |
| 33 | Sergio Ochoa | 11789351 | No record of this |

| | | | Loan No. |
|---|---|---|---|
| | | 359432807 | Sacramento, California |
| 34 | Kenneth C. Pettijohn | 7440543387 | Chino, California |
| 35 | Benjamin Ponce de Leon | 7110707853 | Diamond Bar, California |
| 36 | Rosa Rios | 7091177696 | Moreno Valley, California |
| 37 | Leo Vigildo Solano | 359327556 | Chula Vista, California |
| 38 | Michael Steele | 7190871462 | North Bend, Oregon |
| 39 | Thomas Stewart | 7170300656 | Lufkin, Texas |
| 40 | Bernice Leinaala Tam | 7091366950 | Kaneohe, Hawaii |
| 41 | Erica Tate | 706958790 | Canton, Missouri |
| 42 | Christopher Paul Vandenborre | 7141614185 | Saint Rose, Louisiana |
| 43 | Richard Wolffer | 70383740 | Woodbury, Connecticut |

11.    Defendant Ocwen Financial Corporation is a Florida corporation[1] with its principal place of business in the State of Georgia.   Therefore, Defendant Ocwen Financial Corporation is a citizen of the States of Florida and Georgia and is therefore diverse from Plaintiffs.

12.    Defendant Ocwen Loan Servicing, LLC is a Delaware limited liability company with its principal place of business in the State of Florida.   Citizenship of a limited liability company is determined by citizenship of its members.   *Johnson*

---

[1] Plaintiff's Complaint erroneously identifies Ocwen Financial Corporation as a Delaware corporation.

1   *v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  At the

2   present time and at the time of commencement of this action, Defendant Ocwen

3   Loan Servicing, LLC is a wholly-owned subsidiary of Ocwen Mortgage Servicing,

4   Inc., a U.S. Virgin Islands corporation with its principal place of business in the

5   U.S. Virgin Island, which is a wholly-owned subsidiary of Defendant Ocwen

6   Financial Corporation.  Defendant Ocwen Loan Servicing, LLC therefore takes the

7   citizenship of its members, which, as discussed above, makes Defendant Ocwen

8   Loan Servicing, LLC a citizen of the States of Florida and Georgia.  Therefore,

9   Defendant Ocwen Loan Servicing, LLC is a citizen of the States of Florida and

10   Georgia is therefore diverse from Plaintiffs.

11         13.   Currently, there are no other named parties to this action.

12   Consequently, complete diversity is established by virtue of the preceding

13   paragraphs.

14         **B.   <u>The Amount in Controversy Exceeds the Federal Diversity</u>**

15              **<u>Minimum</u>**

16         14.   $75,000.00 is the threshold amount associated with diversity

17   jurisdiction.  28 U.S.C. § 1332(a).

18         15.   Plaintiffs attempt to avoid federal jurisdiction by artificially limiting

19   the amount in controversy.  Specifically, Plaintiffs allege that each of them "is

20   seeking a combined total recovery from all causes of action and all manner of

21   recovery – including general damages, special damages, and any other

22   compensation or disgorgement – of no more than $75,000.00 total."  (Complaint,

23   ¶¶ 101, 106, 114, 119, 130, 141, 149.)  However, a plaintiff's "allegation simply

24   does not control or end the amount in controversy analysis."  *Yeroushalmi v.*

25   *Blockbuster, Inc.*, 2005 WL 2083008 at \*2 (C.D. Cal. July 11, 2005).  The amount

26   in controversy for purposes of diversity jurisdiction is determined by "the sum

27   demanded in good faith" and is subject to proof demonstrating "by a

28

**NOTICE OF REMOVAL**

5

1   preponderance of the evidence, that the amount in controversy exceeds" $75,000.

2   28 U.S.C. § 1446(c)(2) and (c)(2)(b).

3       16.   Plaintiffs allege that Defendants "had and have no legal right or

4   servicing authority" to demand or collect monthly payments on Plaintiffs'

5   respective loans at issue, and that Plaintiffs "have been paying to Defendants loan

6   payments for years that Defendants are not legally or contractually entitled or

7   authorized to be demanding or accepting." (Complaint, ¶¶ 2, 17.)  Plaintiffs seek

8   restitution of amounts allegedly wrongfully paid to Defendants, and that

9   Defendants "be ordered to pay back each Plaintiff any and all monies unjustly

10   received from him or her as the result of Defendants' wrongful actions."

11   (Complaint, ¶¶ 146, 147.)

12       17.   Here, when the allegations are examined in good faith, it is clear that

13   the amount in controversy with respect to each Plaintiff exceeds $75,000 despite

14   Plaintiffs' questionable self-imposed limit.  A judgment in each Plaintiff's favor

15   would have three consequences for Defendants, each of which renders the amount

16   in controversy over $75,000.  <u>First</u>, Defendants would have to return all payments

17   allegedly received from Plaintiffs.  <u>Second</u>, as a necessary corollary, Defendants

18   would have no right to collect payments from Plaintiffs in the future.  <u>Third</u>,

19   Defendants' ability to enforce the respective promissory notes and deeds of trust to

20   foreclose on Plaintiffs' respective properties would be eliminated.

21       18.   Therefore, although Plaintiffs claim that they are not seeking

22   injunctive or declaratory relief, that is exactly the affect that Plaintiffs' desired

23   judgment would have upon Defendants.   "In actions seeking declaratory or

24   injunctive relief, it is well established that the amount in controversy is measured

25   by the value of the object of the litigation." *Hunt v. Washington State Apple*

26   *Adver. Comm'n*, 432 U.S. 333, 347 (1977).  Since the object of this litigation is

27   undoubtedly Plaintiffs' respective loans, it follows that the amounts in controversy

28

---

**NOTICE OF REMOVAL**

are the respective loan amounts. *See*, *Zepeda v. U.S. Bank, N.A.*, 2011 WL 4351801 at *3-4 (C.D. Cal. Sept. 16, 2011) ("[The] focal point of this litigation is the $308,000 mortgage loan… [T]he preponderance of the evidence indicates an amount in controversy in excess of $75,000."). The chart below references the loan numbers for each Plaintiff, as identified in the Complaint, and the amount of each such loan:

| Complaint Paragraph | Plaintiff | Loan No. | Loan Amount |
|---|---|---|---|
| 22 | William J. Doherty | 7141500780 | $280,500.00 |
| 23 | Judith Brusatori | 477501787 | $385,000.00 |
| 24 | Floriscilla Enriquez | 7100104269 | $334,000.00 |
| 23 (misnumbered by Plaintiffs) | Dante Evangelista | 7140344388 | $475,000.00 |
| 24 | Jack Haney | No Loan No. identified in Complaint; Defendants have no record of servicing a loan for Mr. Haney | |
| 25 | Craig Harris | 7100853758 | $380,000.00 |
| 26 | Todd Heyda | 7090298782 | $999,950.00 |
| 27 | Shafidul Islam | 7141252614 | $323,200.00 |
| 28 | Debbie Love | 7190317649 | $610,000.00 |
| 29 | Tabitha McLenon | 7141135835 | $120,208.00 |
| 30 | Oscar Nelson | 34935874 | $180,000.00 |
| 31 | Don Niemczuk | 7472299353 | $143,000.00 |
| 32 | Ruth O'Callaghan | 7130120582 | $151,920.00 |
| 33 | Sergio Ochoa | 11789351 | No record of this |

| | | | Loan No. |
|---|---|---|---|
| | | 359432807 | $97,000.00 |
| 34 | Kenneth C. Pettijohn | 7440543387 | $376,000.00 |
| 35 | Benjamin Ponce de Leon | 7110707853 | $376,000.00 |
| 36 | Rosa Rios | 7091177696 | $387,000.00 |
| 37 | Leo Vigildo Solano | 359327556 | $408,000.00 |
| 38 | Michael Steele | 7190871462 | $128,000.00 |
| 39 | Thomas Stewart | 7170300656 | $109,600.00 |
| 40 | Bernice Leinaala Tam | 7091366950 | $1,000,000.00 |
| 41 | Erica Tate | 706958790 | $58,500.00[2] |
| 42 | Christopher Paul Vandenborre | 7141614185 | $156,000.00 |
| 43 | Richard Wolffer | 70383740 | $258,400.00 |

19.    Additionally, those non-California-citizen Plaintiffs' claims should be disregarded entirely for purposes of determining diversity, because their claims rely on California law, despite them having no connection to California.  Those non-California-citizen Plaintiffs have been fraudulently misjoined, as they seek to assert California state law claims against Defendants, both non-California citizens, for conduct that allegedly occurred outside of California.  *See*, *In Re Fosamax Prod. Liab. Litig.*, 2012 WL 1118781 at \*5 (D.N.J. Apr. 3, 2012) (finding joinder of plaintiffs was "egregious" where they could claim no connection with the forum state or other plaintiffs, and ruling that the "joinder was undertaken to thwart Defendants' statutory right to removal to federal court, and therefore, Plaintiffs' claims are fraudulently misjoined").  Binding Ninth Circuit precedent applies this

[2] Plaintiff Tate's loan is the only loan whose amount does not surpass the $75,000 amount in controversy threshold.  Notwithstanding that, Plaintiff Tate should be disregarded as a fraudulently misjoined Plaintiff.  (*See*, ¶ 19 herein.)

1  rationale to claims involving distinct loan transactions in different states. *See*,

2  *Visendi v. Bank of America, N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (finding

3  misjoinder where "Plaintiffs own separate and unrelated properties across the

4  country, they entered into separate loan transactions, and their dealings with

5  Defendants were necessarily varied.").

6         20.    In light of the foregoing financial considerations, the amount in

7  controversy clearly exceeds the $75,000.00 threshold which governs this inquiry.

8  **III.    FEDERAL QUESTION JURISDICTION**

9         21.    In the alternative, this action is removed to the instant Court

10  pursuant to the existence of federal question jurisdiction.  28 U.S.C. § 1441(c);

11  *see also* 28 U.S.C. § 1331.   Federal question jurisdiction exists because

12  Plaintiffs' right to relief necessarily depends on resolution of substantial

13  questions of federal law.

14         22.    A complaint presents a question of federal law when the right to

15  recovery under the complaint "will be supported if the Constitution or laws of the

16  United States are given one construction or effect, and defeated if they are given

17  another."  *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936).   In addition,

18  federal question jurisdiction exists to state-law claims that implicate significant

19  federal issues.  *See*, *Grable & Sons Metal Prod. v. Darue Eng'g & Mfg.*, 545 U.S.

20  308, 310 (2005).  "Under the 'artful pleading' doctrine, a plaintiff cannot defeat

21  removal of a federal claim by disgusting or pleading it artfully as a state law

22  cause of action.  If the claim arises under federal law, the federal court will

23  recharacterize it and uphold removal."  *Ortega v. HomEq Servicing*, 2010 WL

24  383368 at *3 (C.D. Cal. Jan. 25, 2010).

25         23.    The State Court Action is removable to this Court because Plaintiffs

26  allege causes of action that require resolution of the Real Estate Mortgage

27  Investment Conduit (or, "REMIC Act"), which is part of the Internal Revenue

28

**NOTICE OF REMOVAL**

1    Code, 26 U.S.C. § 860D.  Plaintiffs confirm that the Complaint relies on this

2    "series of tax laws know [*sic*] as" the REMIC Act.  (Complaint, ¶ 4.)  Plaintiffs

3    then allege that Defendants have sought "to circumvent the REMIC Act and to

4    avoid having to physically endorse and assign a note, physically transfer a note to

5    each new owner, and physically record the assignment of a note to each of the

6    different parties to the securitization as the REMIC Act required."  (Complaint, ¶

7    8.)  Plaintiffs go on to allege how the REMIC Act and Internal Revenue Code

8    affect the securitization process.  (*See*, *e.g.*, Complaint, ¶¶ 62-67.)

9            24.    Accordingly, the Complaint presents substantial questions of federal

10   law as to the proper application of the REMIC Act and Internal Revenue Code.

11           25.    Additionally, this Court has supplemental jurisdiction over the state

12   law claims where they "form part of the same case or controversy."  28 U.S.C. §

13   1367(a).  A state claim is part of the same case or controversy if it shares a

14   "common nucleus of operative fact" with the federal claim, and if they would

15   normally be tried together.  *See, e.g., Trustees of the Constr. Indus. & Laborers*

16   *Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923,

17   925 (9th Cir. 2003).

18   **IV.    CONCLUSION**

19           26.    In light of the foregoing, this action is properly removed to this

20   Court pursuant to 28 U.S.C. § 1441(a)-(c).

21           27.    By this notice of removal and the associated attachments,

22   Defendants do not waive any objections they may have as to service, jurisdiction,

23   venue, or any other defenses or objections they may have to this action.

24   Defendants intend to convey no admission of fact, law, or liability by virtue of

25   this notice, and expressly reserve all defenses, motions and/or pleas.

26

27

28

1    28.    Defendants pray that the State Court Action be removed to this

2  Court, that all further proceedings in the State Court be stayed, and that

3  Defendants receive all additional relief to which they are entitled.

4

5  Dated:  September 11, 2014                    HOUSER & ALLISON
                                                 A Professional Corporation
6

7                                        By:     /s/  Steven M. Buha
                                                 Steven M. Buha, Esq.,
8                                                Attorneys for Defendants,
9                                                Ocwen Financial Corporation and Ocwen
                                                 Loan Servicing, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA            )

3                                   ) ss

4    COUNTY OF LOS ANGELES     )

5        I am employed in the County of Los Angeles, State of California.  I am over the

6    age of 18 and not a party to the within action.  My business address is 3780 Kilroy
     Airport Way, Suite 130, Long Beach, California 90806.

7
         On September 11, 2014, I served the following document(s):

8

9    **NOTICE OF REMOVAL BASED ON DIVERSITY AND FEDERAL QUESTION
     JURISDICTION**

10
     On the following interested parties in this action described as follows:

11

12   Erikson M. Davis                    *Attorney for Plaintiffs*
     REAL ESTATE LAW CENTER, PC

13   695 South Vermont Avenue, Suite 1100
     Los Angeles, CA 90005

14   (213) 382-3250
     erikson@landerlawlitigation.com

15

16   [ X ]   VIA OVERNIGHT MAIL/COURIER: CCP §§ 1013(c), 2015.5: By placing a true
     copy thereof enclosed in a sealed envelope, addressed as above, and placing each for

17   collection by overnight mail service or overnight courier service.  I am readily familiar
     with my firm's business practice of collection and processing of correspondence for

18   mailing with the processing of correspondence for overnight mail or overnight courier
     service, and any correspondence placed for collection for overnight delivery would in the

19   ordinary course of business, be delivered to an authorized courier or delivery authorized

20   by the overnight mail carrier to receive documents, with delivery fees paid or provided
     for, that same day for delivery on the following business day.

21

22

23       I declare under penalty of perjury, under the laws of the United States of America,
     that the foregoing is true and correct.

24
         Executed on September 11, 2014, in Long Beach, California.

25

26                                              /s/ Tiffany Singer
                                                TIFFANY SINGER

27

28

---

**PROOF OF SERVICE**

1