UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7118 PA (Ex) | Date | September 16, 2014 |
|---|---|---|---|
| Title | William Doherty, et al. v. Ocwen Financial Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Julieta Lozano | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Ocwen Financial Corporation and Ocwen Loan Servicing, LLC ("Defendants") on September 11, 2014. Defendants assert that this Court has subject matter jurisdiction on the basis the Court's federal question jurisdiction and diversity of citizenship.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains state law claims for fraud, conspiracy to commit fraud, conversion, conspiracy to convert, violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788, unfair business practices pursuant to California Business and Professions Code

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7118 PA (Ex) | Date | September 16, 2014 |
|---|---|---|---|
| Title | William Doherty, et al. v. Ocwen Financial Corp., et al. | | |

section 17200, and unjust enrichment. No federal claim is alleged. Defendants' Notice of Removal alleges, however, that the Complaint's references to the Real Estate Mortgage Investment Conduit, 26 U.S.C. § 860D, are sufficient to raise a question of federal law. Contrary to Defendants' assertions, the Complaint's references to the Real Estate Mortgage Investment Conduit do not establish the existence of a federal question. Instead, the only claims asserted in the Complaint are state law claims. The Court therefore concludes that Defendants' invocation of the Court's federal question jurisdiction is insufficient to establish this Court's subject matter jurisdiction over this matter.

Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction"). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

Defendants contend removal is proper on the basis of diversity jurisdiction because complete diversity exists between the parties, and the amount in controversy exceeds $75,000. However, Defendants fail to properly allege the citizenship of the parties. Specifically, the Notice of Removal alleges that the "Complaint does not allege Plaintiffs' respective residencies. Plaintiffs are 24 individuals who, upon information and belief, own property in different states in which they reside. For purposes of diversity jurisdiction, Plaintiffs are therefore citizens of the respective states in which their respective residential properties are located and in which they are therefore domiciled." (Notice of Removal ¶ 10.) Defendants' allegations of the residence of plaintiffs, on information and belief, and based on allegations of residence, are insufficient to establish the citizenship of plaintiffs. See Kanter v. Warner-Lambert Co., 265 F.3d at 857. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7118 PA (Ex) | Date | September 16, 2014 |
|---|---|---|---|
| Title | William Doherty, et al. v. Ocwen Financial Corp., et al. | | |

Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

Further, Defendants have not met their burden to establish that the amount in controversy exceeds $75,000. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Indeed, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (quoting Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007)). Here, the Complaint alleges:

> All inclusive, each Plaintiff is seeking a combined total recovery from all causes of action and all manner of recovery -- including general damages, special damages, and any other compensation or disgorgement -- of no more than $75,000.00 total. (This amount also includes the monetary value of any non-monetary items sought or awarded.) It is Plaintiffs' desire and decision to avoid federal jurisdiction by avoiding any matters involving a federal question in this Complaint and by setting the amount in controversy at no more than $75,000 for each Plaintiff. Plaintiffs are not seeking punitive damages, statutory damages or attorney's fees. Plaintiffs are not seeking injunctive relief. Plaintiffs are not seeking declaratory relief. Plaintiffs are not seeking to rescind or otherwise cancel any of the loans described herein. Finally, Plaintiffs are not seeking to challenge the ownership rights of any real property they may currently own or that they may have previously owned in the past.

(Complaint ¶ 101.) Given this allegation in the Complaint, Defendants allegations concerning an amount in controversy in excess of $ 75,000 is insufficient to establish, either by a preponderance or beyond a legal certainty, that the amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction.

For the foregoing reasons, Defendants have failed to meet their burden of showing that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7118 PA (Ex) | Date | September 16, 2014 |
|---|---|---|---|
| Title | William Doherty, et al. v. Ocwen Financial Corp., et al. | | |

action is hereby remanded to the Los Angeles County Superior Court, Case No. BC 551788.  See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.